IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------- X

STUART FORCE, *et al.*,

                Plaintiffs,

-against-

THE ISLAMIC REPUBLIC OF IRAN, *et al.*,

                Defendants.

---------------------------------------------------------------------- X

Docket No:
16-CV-1468 (RDM)

**STATUS REPORT**

    In keeping with the Court's minute orders of March 18, 2024 and July 22, 2025, Plaintiffs respectfully submit this status report to update the Court regarding the petition for a writ of certiorari in *Borochov v. Iran,* No. 22-7058 (D.C. Cir.) and proposing next steps in this case. This case was stayed by the March 18, 2024 minute order pending final disposition of *Borochov.*

    First, Plaintiffs apologize for not having filed this status report last week. The March 18, 2024 order directed Plaintiffs to inform the court within 30 days of the Court of Appeals' mandate in *Borochov,* and 14 days of any denial of certiorari. In my mind I remembered the 30 days part, and had intended to file this status report within 30 days of the denial of certiorari, which would have been July 30, 2025. I apologize for my oversight.

    The Supreme Court denied certiorari in *Borochov* appeal was decided on June 30, 2024 in a simple, one-line order with no explanation.

    Denial of certiorari in *Borochov* would mean that the D.C. Circuit's decision in *Borochov* is now the applicable law in the D.C. Circuit, which this Court would have to follow if it were

deciding a motion for a default judgment by the remaining plaintiffs,[1] or a motion to dismiss by the defendant.

However, there is at the moment no motion teed up for decision.

Now that the Supreme Court has denied certiorari, these litigants and many others similarly situated are in the process of attempting to persuade Congress to take up the *Borochov* court's suggestion that it amend the statute, *Borochov v. Islamic Republic of Iran,* 94 F.4th 1053, 1067 (2024)*,* ("If Congress wishes more expansive coverage for acts of terrorism, it can amend the statute to permit it. But we cannot make that call.") If an amendment happens while this case is still pending, the amendment will apply to this case, thereby saving Plaintiffs the expense of having to file a new complaint, translate it, and serve it on Iran, not to mention the extensive delay that would entail.

Given that there is no pending motion practice before the Court and this case would thus naturally be dormant until a party or the Court asks for some relief, Plaintiffs respectfully request that this case be allowed to remain stayed for a period to see if an amendment happens. It is respectfully submitted that setting a control date in six months would be reasonable at which point Plaintiffs will report to the Court on the status of a potential amendment.

As always, Plaintiffs thank the Court for its efforts in this matter.

Dated:   Brooklyn, New York
         July 24, 2025

---

[1] The remaining plaintiffs are Menachem Mendel Rivkin, Bracha Rivkin, S.S.R., M.M.R., R.M.R., S.Z.R., Yehuda Glick, Estate of Yaffa Glick, Neriya David Glick, Shlomo Glick, Hallel Glick, Sachar Glick, R.T., T.T., Shmuel Zev Shimon Brauner, Nechama Brauner, C.Y.B., Mordechai Brauner, and Esther Chaya Brauner.

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs*

By: _____
      Robert J. Tolchin

829 E 15th Street, Box 7
Brooklyn, New York 11230
718-855-3627

-3-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing *Status Report* was served via ECF on all counsel of record herein:

Dated:   Brooklyn, New York
        July 24, 2025

                                              Robert J. Tolchin