**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

----------------------------------------------------------------------X

STUART FORCE, *et al.*,

                                    Plaintiffs,                     Docket No:
                          16-CV-1468 (RDM)

                        -against-

THE ISLAMIC REPUBLIC OF IRAN, *et al.*,

                                 Defendants.

----------------------------------------------------------------------X

## STATUS REPORT

By minute order dated July 24, 2025 this matter was stayed by this Court to allow for the possibility of congressional action to remedy the statutory gap identified in the *Borochov* decision, *Borochov v. Islamic Republic of Iran,* 94 F.4th 1053, 1067 (2024)*,* ("If Congress wishes more expansive coverage for acts of terrorism, it can amend the statute to permit it. But we cannot make that call."). It is important to Plaintiffs that this matter remain pending, since if an amendment happens while this case is still pending, the amendment will apply to this case, thereby saving Plaintiffs the expense of having to file a new complaint, translate it, and serve it on Iran, not to mention the extensive delay that would entail, not to mention the possibility that if there is regime change in Iran and a consequent change in US policy, it may no longer be possible for Plaintiffs to file a new case against Iran.

The Court has made it clear in its minute orders of July 24, 2025 and January 27, 2025 that "a continuing stay in this long-pending matter is warranted only if Plaintiffs can offer some indication that relevant legislation is likely to be enacted in the foreseeable future."

I can represent to the Court that to my knowledge at least four law firms which collectively represent hundreds of veterans affected by *Borochov*[1] have been actively working with congressional offices to enact legislation resolving the *Borochov* issue, and I have made myself available to assist in that effort as needed. I have been provided with a copy of the draft legislation, and I am aware of actual meetings on Capital Hill that took place as recently as last week and this week, and this is an ongoing effort being spearheaded by very motivated players. Of course, enactment of new legislation by Congress does not proceed on a schedule with deadlines, and a proposal like this is more likely to be enacted as an amendment to a larger bill than to be enacted as a stand-alone act, and therefore it is likely to proceed on the schedule of whatever larger bill it gets attached to. That being said, the attorneys working on this lobbying effort whom I have spoken to feel that it is not unreasonable to believe that Congress will act to resolve the *Borochov* issue before the end of this calendar year.

Given that there is no pending motion practice before the Court and this case would thus naturally be dormant until a party or the Court asks for some relief, Plaintiffs respectfully request

---

[1] The plaintiffs in this case, like the appellants in *Borochov*, are ordinary private citizens, not US military veterans. However, the issue in *Borochov* hits veterans particularly hard. As a result of *Borochov*, if terrorists attack two groups of 20 US soldiers, with one attack killing one soldier and gravely injuring 19, and the second attack injuring all 20, but killing none, the group of soldiers where one person was killed can all maintain an action under the FSIA while no soldier in the other group can maintain an action. This bizarre outcome is amplified by the quality of modern battlefield medicine which saves the lives of soldiers who once would have died, but often with severe, life-altering injuries like multiple amputations and traumatic brain injury. *Borochov* creates a penalty for surviving. Because there are hundreds of injured military veteran FSIA plaintiffs affected by *Borochov*, the firms representing veterans are the main actors in efforts to persuade Congress to change the statute.

-3-

that this case be allowed to continue to remain stayed through the end of the year to give the amendment time to happen.

As always, Plaintiffs thank the Court for its efforts in this matter.

Dated:   Brooklyn, New York
         February 4, 2026

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs*

By:    _____
       Robert J. Tolchin

829 E 15th Street, Box 7
Brooklyn, New York 11230
718-855-3627

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing *Status Report* was served via ECF on all counsel of record herein:

Dated:    Brooklyn, New York
             February 4, 2026

_____
Robert J. Tolchin