**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Alan Burks, et al.,<br>*Plaintiffs-Appellees*,<br><br>Randolph Delbert Nantz,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>Islamic Republic of Iran, et al.,<br>*Defendants-Appellees*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-7118 |

**<u>MOTION TO GOVERN FUTURE PROCEEDINGS</u>**

Plaintiff-Appellant Randolph Delbert Nantz brings this Motion to Govern Future Proceedings pursuant to the Clerk's Order of March 4, 2026. ECF No. 2162012. Plaintiff was unable to consult with opposing counsel as the Defendants-Appellees in this matter are in default below and have not entered an appearance in this appeal. In support of this motion, Randolph Nantz states as follows:

1. On September 22, 2025, Nantz moved this Court to hold this Appeal in abeyance for 60 days, anticipating that during this period, "additional actions now pending before the U.S. District Court for the District of Columbia [would] be dismissed on the same basis that the District Court dismissed Plaintiff's claim [i.e. under this Court's ruling in *Eli Borochov, et al v. Islamic Republic of Iran*, CA No.

22-7058].” ECF No. 2136264. The Court granted this motion, and directed Nantz to “file motions to govern future proceedings by 12/05/2025.” ECF No. 2139012.

2. On December 5, 2025, Plaintiff filed that motion, identifying thirty-one other Plaintiffs whose claims were dismissed under *Borochov* and who had filed a notice of appeal to this Court. ECF No. 2148985. Plaintiffs additionally committed to “obtain for the Court more concrete information on the legislative posture of the technical fix to § 1605A.” *Id*. The Court continued the abeyance and ordered Plaintiffs to file a motion to govern future proceedings by February 17, 2026. ECF No. 2150930.

3. On February 17, 2026, Plaintiff Nantz reported to this Court that the Plaintiffs in *Force v. Islamic Republic of Iran*, No. 16-cv-01468-RDM (D.D.C), also facing dismissal of their claims under *Borochov*, requested and received a stay until August 10, 2026. ECF No. 2159324. Plaintiff Nantz moved this Court for a matching abeyance, which the Court granted on March 4, 2026. ECF No. 2162102.

4. Since that time there have been a number of developments regarding downstream effects of *Borochov* that may eventually require review by this Court:

5. 15 Plaintiffs in *Lee v. Islamic Republic of Iran* facing potential dismissal under *Borochov* moved the court to “hold in abeyance any determinations regarding the affected attacks and propose that they file a further status report on November 4, 2026.” CA No. 19-cv-00830 (D.D.C.) (filed May 4, 2026). In support of that motion, those plaintiffs note that “[m]ultiple law firms collectively

representing hundreds of veterans affected by *Borochov* have continued to work actively with congressional offices to enact a statutory fix to 28 U.S.C. § 1605A" and that "[d]raft legislation has been prepared, and meetings with congressional staff have continued in recent months." The court granted their motion. Minute Order, CA No. 19-cv-00830 (D.D.C.) (filed May 5, 2026).

6. 29 plaintiffs in *Karcher v. Islamic Republic of Iran* facing potential dismissal under *Borochov* moved the court to hold that matter in abeyance until October 30, 2026 on the same grounds. CA No. 16-cv-00232 (D.D.C.) (filed Apr. 30, 2026). The court has yet to rule on that motion.

7. The claims of plaintiffs harmed by 17 EFP attacks remain under effectively indefinite abeyance in *Hartwick v. Islamic Republic of Iran* as they seek discovery from the Department of Defense ("DOD") showing that those attacks resulted in fatalities. *See* Minute Order, ECF No. 132, CA No. 18-cv-01612 (D.D.C.) (filed March 28, 2024); Plaintiffs' Supplemental Brief Regarding *Borochov v. Islamic Republic of Iran*, ECF No. 132, CA No. 18-cv-01612 (D.D.C.) (filed May 17, 2024). According to the most recent joint status report submitted by DOD and those Plaintiffs, "DOD is required to produce 300 pages every 90 days," and, at that time, DOD had produced 3,042 pages total. ECF No. 132, CA No. 18-cv-01612 (D.D.C.) (filed July 15, 2026).

8. A similar discovery process is underway in *Fishbeck v. Islamic Republic of Iran* (*see* Status Report, ECF No. 477, CA No. 18-cv-02248 (D.D.C.) (filed June 22, 2026)), and *Solorio v. Islamic Republic of Iran*, Status Report, ECF

No. 45, CA No. 23-cv-02660 (D.D.C.) (filed July 6, 2026).

9. On May 4, 2026, the court in *Fissler v. Islamic Republic of Iran* entered a final judgment for those plaintiffs over whose claims it retained post-*Borochov* subject matter jurisdiction, 2026 WL 1210151, at **2, 4-5 (D.D.C.) (filed May 4, 2026), but, as far as counsel for Nantz can discern, has yet to dismiss the claims of those 10 plaintiffs who were injured in attacks that did not cause fatalities.

10. 12 plaintiffs in *Boothe v. Islamic Republic of Iran* appealed the dismissal of their claims under *Borochov*, noticing the Court of the related appeal in *Baker v. Islamic Republic of Iran*. Certificate as to Parties, Rulings, and Related Cases, ECF No. 2174883, No. 26-7055 (D.C. Cir.) (filed May 26, 2026).

11. The 31 Plaintiffs in *Baker v Islamic Republic of Iran* who appealed the dismissal of their claims under *Borochov*—and who did not move this Court for abeyance—submitted their Appellant Brief, and the Court appointed an Amicus Curiae and set a briefing schedule in that matter. ECF Nos. 2165781, 2183263, 2183361 No. 25-7144 (D.C. Cir.) (filed July 15, 2026).

12. Nantz is mindful of his representation to the Court on February 17 2026 that he would not move for further extension absent public indication that Congress is likely to act. Developments since that time, however, suggest that a further period of abeyance is warranted that would benefit Nantz while causing no prejudice to Defendants, who have defaulted. As discussed above, since February 17, 2026, Counsel in other actions have represented to the district court that many

law firms representing hundreds of veterans are working actively with congressional offices to enact a statutory fix to the lacuna identified in *Borochov*. Counsel for Nantz are likewise engaged. That said, counsel for Nantz are unaware of any legislation presently introduced that contains such an amendment.

13. Nantz cannot represent that there are public indications that Congress is likely to act imminently, but another period of abeyance to monitor further legislative developments and the disposition of those matters currently held in abeyance before the District Court would reduce the risk of duplicative or inconsistent adjudication of appeals, conserve judicial resources, and avoid an inequitable result for Nantz or other plaintiffs should a change in binding authority occur while only certain claims had been adjudicated to finality. Neither he nor his Counsel wish to try the patience of this Court and await whatever procedural steps the Court deems most appropriate in light of the above developments.

Respectfully Submitted,

/s/ Steven R. Perles

Steven R. Perles
Edward MacAllister
Joshua K. Perles
PERLES LAW FIRM, PC
816 Connecticut Ave, NW
12th Floor
Washington, DC 20006
Telephone: 202-955-9055

August 10, 2026

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1073 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Finally, I certify that on August 10, 2026, I electronically filed this document with the Court's CM/ECF system, which will serve each party's counsel of record.

Dated: August 10, 2026

/s/ Steven R. Perles
*Counsel for Appellant*